CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

OCT 0 9 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 6:05cr00023 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| BUFORD OTTO NOLEN | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |

Buford Otto Nolen, a federal prisoner proceeding <u>pro se</u>, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Nolen claims that he is "actually innocent" of his 18 U.S.C. § 924(c)(1)(A) conviction, despite his 2007 guilty plea, because he did not "use" a firearm under <u>Watson v. United States</u>, 552 U.S. 74 (2007). However, I find that <u>Watson</u> is inapplicable in Nolen's case and, therefore, his claim fails. Accordingly, I will dismiss Nolen's § 2255 motion.

In <u>Watson</u>, the Court held that a person does not "use" a firearm under § 924(c)(1)(A) when he receives it in trade for drugs. However, the evidence supporting Nolen's § 924(c) conviction indicates that Nolen did not receive a firearm in exchange for drugs as was the case in <u>Watson</u>. Instead, Nolen received money from a confidential informant in exchange for a firearm and cocaine base. Thus, the facts in <u>Watson</u> are inapposite to the present case. Further, Nolen provides the court with no other case law to support his claim that he did not "use" a firearm in relation to a drug trafficking offense.* Accordingly, Nolen's claim is without merit.

For the stated reasons, I will grant the government's motion to dismiss Nolen's § 2255

---

* Indeed, prior to <u>Watson</u>, the Supreme Court held in <u>Smith v. United States</u>, 508 U.S. 223, 241 (1993), that the trading of a firearm for drugs, the exact opposite situation from <u>Watson</u>, was encompassed by the word "use" in the statute. Relying on <u>Smith</u>, the <u>Watson</u> Court noted that, when Watson handed over the drugs for a firearm, the *officer* "used" the firearm to get the drugs but that Watson did not "use" the firearm in the trade. Using a similar reasoning in the current situation, a court could conclude that Nolen "used" the firearm when he traded the firearm and the drugs for money from the confidential informant. However, to the extent Nolen would argue he did not "use" the firearm under <u>Smith</u> or any other case decided prior to his guilty plea, he not only waived his right to bring a § 2255 motion, but any challenge would also be untimely.

motion. The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for respondent.

**ENTER**: This 9th day of October, 2009.

                                                NORMAN K. MOON
                                                UNITED STATES DISTRICT JUDGE

Case 6:05-cr-00023-NKM-mfu Document 163 Filed 10/09/09 Page 2 of 2 Pageid#: 411